## Good's Insolvency.

*Insolvency—Refusal to appoint receiver—Appeals—Quashing appeal— Act of June 4, 1901, P. L. 404, sec. 7.*

Where an unsecured creditor secures under the Act of June 4, 1901, P. L. 404, sec. 7, a rule to show cause why a receiver should not be appointed of an insolvent, as against a secured creditor of the insolvent, and the court discharges the rule, the insolvent himself has no standing to appeal from the order.

Argued Nov. 12, 1902. Appeal, No. 62, Oct. T., 1902, by Jacob H. Good, from order of C. P. Lancaster Co., Trust Book, No. 18, page 346, discharging rule for the appointment of an insolvent in the matter of the insolvency of Jacob H. Good. Before BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Appeal quashed.

Rule for the appointment of a receiver of an insolvent. The opinion of the Superior Court states the case.

The court in an opinion by LANDIS, J., discharged the rule on the ground that the judgment on which execution had issued had been entered of record before the act was passed.

*Error assigned* was the order of the court.

*H. Frank Eshelman,* for Jacob H. Good, appellant.

*I. C. Arnold*, for Lintner Hershey, appellee.

PER CURIAM, December 13, 1902:

Upon the petition of an unsecured creditor of Jacob H. Good, a rule was granted to show cause why a "receiver should not be appointed for the estate of the said Jacob H. Good, alleged insolvent, and also upon the sheriff of Lancaster county and said Lintner Hershey to show cause why all legal proceedings there against should not be vacated and set aside." The rule was granted and answered by Lintner Hershey, a secured creditor, who was proceeding upon his judgment, regularly entered in 1899, against the real estate of the alleged insolvent.

No answer was filed by Jacob H. Good and the hearing was had upon the petition of the unsecured creditor answered by the secured creditor. Incidentally, the restraining of the secured creditor from making sale of the real estate of the alleged insolvent was involved.

The proceeding was under the provisions of the Act of June 4, 1901, P. L. 404. The provisions of the 7th section of the act would seem to justify the application but, upon the hearing, the rule was discharged, the reasons for which need not be considered.

Section 39 of the same act gives the right of appeal from any final judgment, order or decree to the Supreme or Superior Court, as in other cases. The right of appeal, however, is evidently restricted to the parties interested in the decree. The contest being between an unsecured and a secured creditor, what standing has the alleged insolvent to appeal from the decree of the court, which is apparently in his favor? The rule was upon him, as well as upon the secured creditor, to show cause. He made no answer and the decree of the court being against the petitioner, by reason of whose petition he was brought into court, it is difficult to see what standing he has in this court as appellant.

The real parties to the proceeding were Elmer E. Good, the unsecured creditor, who was the petitioner, and Lintner Hershey, the secured creditor, who answered the rule.

Without considering the legal questions involved in the appeal, we are all of the opinion that the motion to quash should be allowed. Appeal quashed.